UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Abdoulwahab A., | Civ. No. 26-1782 (PAM/ECW) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| Kristi Noem, Secretary, U.S. Department of Homeland Security; Todd M. Lyons, Acting Director, U.S. Immigration and Customs Enforcement; David Easterwood, Acting Director, St. Paul Field Office, Immigration and Customs Enforcement; and Eric Tollefson, Kandiyohi County Sheriff, | |
| Respondents. | |

This matter is before the Court on Petitioner Abdoulwahab A.'s second Petition for Writ of Habeas Corpus. ("Pet." (Docket No. 1).) For the following reasons, the Court denies the Petition.

**BACKGROUND**

Petitioner is a citizen of Djibouti. (Id. ¶¶ 1, 24.) On February 23, 2023, he entered the United States without inspection by an immigration officer and was apprehended by United States Border Patrol agents in San Ysidro, California. (Id. ¶ 3, Ex. 2 at 1.) He was issued a Notice to Appear in immigration court and released on an Order of Release under his own recognizance. (Id. ¶¶ 3, 30, Exs. 1, 2.) At some point, he applied for asylum and

that application remains pending.  (Id. ¶ 1.)  On January 22, 2026, Respondents detained Petitioner, and he remains in Respondents' custody.  (Id. ¶¶ 1, 24.)

On February 10, 2026, the Court denied Petitioner's first habeas petition on the merits, finding that that his arrest was lawful and that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  (Civ. No. 26-565, Docket No. 11.)  Petitioner subsequently sought a custody redetermination before an immigration judge, who determined that the court lacked authority to grant bond based on the Board of Immigration Appeal's decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025).[1]  (Pet. Ex. 3.)  This petition followed.

**DISCUSSION**

In Petitioner's second Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, he asks the Court to order his immediate release.  Respondents contend that Petitioner's instant petition is merely a second bite at the apple, persisting in their view that his detention is mandatory pending removal proceedings under § 1225(b)(2). Petitioner argues that his successive petition is not a second bite at the apple, because he raises a new issue: "the constitutional consequences of a detention regime in which no decisionmaker has authority to evaluate whether detention is justified." (Pet. ¶ 39.)  Petitioner misapprehends the situation.  In considering Petitioner's first petition, the Court determined that his detention is justified; indeed, it is mandated by statute.  The instant petition does not alter the Court's previous conclusions.  Petitioner is not entitled to release.

---

[1] The Court notes that the immigration judge indicated that "the [Immigration] Court has already held a Bond hearing and DENIED [Petitioner]'s bond request."  (Pet. Ex. 3 at 3.)

2

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that:**

1. The Petition (Docket No. 1) is **DENIED**; and

2. This action is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 13, 2026　　　　　　　　　　　　　*s/ Paul A. Magnuson*
　　　　　　　　　　　　　　　　　　　　　　　Paul A. Magnuson
　　　　　　　　　　　　　　　　　　　　　　　United States District Court Judge